Casimer KOWALEWSKI, Appellant

v.

UNITED STATES STEEL CORPORATION

v.

PENN WINDOW & OFFICE CLEANING COMPANY (Third-Party Defendant).

No. 13463.

United States Court of Appeals Third Circuit.

Argued April 7, 1961.

Decided April 19, 1961.

an opening of 9/16th of an inch whereas the standard size is 5/16th of an inch. At the close of all the evidence the trial judge directed a verdict for the defendant. It is agreed by the parties that the scope of the defendant's duties is accurately set out in Volume 2 of the Torts Restatement, Section 343. This rule has been adopted in Pennsylvania, Hon v. Percy A. Brown & Co., 1955, 380 Pa. 191, 110 A.2d 375. The trial judge was correct in concluding that the plaintiff's case developed no liability on the part of the defendant under the rules stated.

The judgment will be affirmed.

P. J. McArdle, Pittsburgh, Pa. (Frank J. Kernan, Pittsburgh, Pa., on the brief), for appellant.

Ira R. Hill, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for defendant.

Joseph F. Weis, Jr., Pittsburgh, Pa. (Weis & Weis, Pittsburgh, Pa., on the brief), for third-party defendant.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

## PER CURIAM.

This is an appeal by the plaintiff in a personal injury case.[1] Kowalewski was employed by the Penn Window & Office Cleaning Company, joined in this case as third-party defendant. That company had a contract with the United States Steel Corporation for cleaning the windows in the corporation's building in Vandergrift, Pennsylvania. The injury suffered by the plaintiff took place while he was cleaning a window on the fourth floor of the building. His safety belt was supplied by his employer, not the Steel Corporation. He fell from a window sill when a lug of his safety belt slipped from the bolt on which it was put during the cleaning process. It was found after the accident that the lug had

1. The jurisdiction of this action is founded on diversity of citizenship. The complaint was filed February 18, 1957. Section 1332 of 28 U.S.C. prior to the 1958 amendment applies. Cf. Kelly v. United States Steel Corp., 3 Cir., 1960, 284 F.2d 850.